**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4532**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JORGE TEXCO-DORANTES,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:16-cr-00521-TMC-3)

Submitted: February 22, 2018                Decided: February 26, 2018

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Texco-Dorantes appeals his 120-month sentence imposed after pleading guilty, without a written plea agreement, to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. Counsel questions, however, whether Texco-Dorantes' sentence is reasonable. Texco-Dorantes was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

We review Texco-Dorantes' sentence for reasonableness "'under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *See Gall*, 552 U.S. at 49-51. Furthermore, Texco-Dorantes' sentence is the statutory minimum, s*ee* 21 U.S.C. §§ 841(b)(1)(A), 846, and within the Guidelines range, and Texco-Dorantes has not rebutted the presumption of

reasonableness accorded his within-Guidelines sentence, *see Louthian*, 756 F.3d at 306. Therefore, we conclude that Texco-Dorantes' sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Texco-Dorantes, in writing, of the right to petition the Supreme Court of the United States for further review. If Texco-Dorantes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Texco-Dorantes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*